# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, <br> 650 West Peachtree Street N.W. <br> Atlanta, GA 30308 <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS - TRANSPORTATION DIVISION <br> 24950 Country Club Blvd. <br> North Olmsted, OH 44070 <br><br> BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, <br> 7061 E. Pleasant Valley Rd. <br> Independence, OH 44131 <br><br> BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br> 41475 Gardenbrook Rd. <br> Novi, MI 48375 <br> Defendants. | Civil Action No. [ ] |

## COMPLAINT

1. Plaintiff Norfolk Southern Railway Company ("Norfolk Southern" or "NS") brings this civil action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-163, against Defendant

International Association of Sheet Metal, Air, Rail, and Transportation Workers – Transportation Division ("SMART-TD"), Defendant Brotherhood of Locomotive Engineers and Trainmen ("BLET"), and Defendant Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters ("BMWED") (together, the "Unions" or "Defendants").

2. This dispute arises from Norfolk Southern's announcement on October 20, 2021, that it will comply with the Executive Order issued by President Biden on September 9, 2021 and subsequent guidance issued by the President's Safer Federal Workforce Task Force ("Task Force") requiring all "covered employees" of federal contractors (including Norfolk Southern) to be fully vaccinated against COVID-19 no later than December 8, 2021 (the "vaccine mandate"). NS maintains that its actions are permitted under the express and implied terms of its existing collective bargaining agreements with each of these Unions.

3. Defendants have opposed virtually identical mandates on other Class I railroads, and two of them have already filed suits against one of those railroads. On information and belief, Defendants contend that Norfolk Southern likewise lacks authority under its collective bargaining agreements to require compliance with the vaccine mandate and/or to implement terms for complying with the vaccine mandate.

4. It is at least arguable that Norfolk Southern has the right under its existing labor contracts to require compliance with the vaccine mandate, and to implement terms for such compliance, which means that this case presents a "minor dispute." Under Sections 2 and 3 of the RLA, such disputes must be resolved through negotiation and/or binding arbitration. 45 U.S.C. §§ 152, 153 First (i). Because the Defendants disagree, there is a live case or controversy over the proper characterization of this dispute, and Norfolk Southern is entitled to declaratory relief to resolve that matter.

**PARTIES**

5.     Plaintiff Norfolk Southern Railway Company is a common carrier by railroad engaged in interstate commerce and is a "carrier" within the meaning of the RLA Section 1 First, 45 U.S.C. § 151.

6.     Defendant SMART-TD is an unincorporated association and a labor union. SMART-TD is a representative within the meaning of the RLA, 45 U.S.C. § 151 Sixth, and represents conductors, brakemen, and switchmen employed by Norfolk Southern. SMART-TD's principal place of business is 24950 Country Club Blvd, North Olmsted, OH 44070. Members of SMART-TD have performed and continue to perform work in this judicial district.

7.     Defendant BLET is an unincorporated association and a labor union. BLET is a representative within the meaning of the RLA, 45 U.S.C. § 151 Sixth, and represents locomotive engineers and trainmen employed by Norfolk Southern. BLET's principal place of business is 7061 E Pleasant Valley Rd, Independence, OH 44131. Members of BLET have performed and continue to perform work in this judicial district.

8.     Defendant BMWED is an unincorporated association and a labor union. BMWED is a "representative" within the meaning of Section 1, Sixth of the RLA, 45 U.S.C. § 151, Sixth, and represents maintenance of way workers employed by Norfolk Southern. BMWED's principal place of business is 41475 Gardenbrook Road, Novi, Michigan 48375. Members of the BMWED have performed and continue to perform work in this judicial district.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over the subject matter of this civil action under 28 U.S.C. §§ 1331 and 1337 because this matter raises a question under the RLA, a federal law. Federal district courts have jurisdiction to issue declarations and injunctions enforcing arbitration

and other requirements of the RLA. *See, e.g.*, *Consol. Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 303 (1989).

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b). Norfolk Southern operates trains into and out of Chicago, and a substantial portion of the employees affected by the parties' dispute over the vaccine mandate work in this judicial district.

**FACTS**

11. The Unions represent employees who operate Norfolk Southern's trains and who maintain Norfolk Southern's track.

12. Norfolk Southern is party to a variety of collective bargaining agreements with the Unions (and various other unions). These agreements consist of both express, written terms as well as implied terms that arise through past practice.

13. Norfolk Southern has a long-standing and well-settled past practice of unilaterally changing its rules and policies governing medical qualifications and fitness-for-duty standards for employees represented by the Unions. Employees who do not meet the qualifications or standards for their position can be suspended from service. Applying these standards, Norfolk Southern regularly makes fitness-for-duty assessments regarding individual employees. Given these long-standing past practices, Norfolk Southern has an implied right under its labor agreements to establish new medical qualifications and/or to make fitness-for-duty determinations based on revised standards.

14. Norfolk Southern also has a long-standing and well-settled past practice of unilaterally changing its rules and policies governing position requirements, medical standards, and safety in response to lawful federal government directives. More specifically, as applicable federal laws and regulations change – either as a result of new laws being enacted or of existing

laws being amended – Norfolk Southern routinely modifies its own rules to comply, even when doing so requires changes in its employees' terms and conditions of employment. Accordingly, Norfolk Southern has an implied right under its labor agreements to implement new federally-mandated rules.

15. Norfolk Southern's implied right under its labor agreements to enact changes as necessary to comply with federal law or regulations is evidenced by a number of specific examples. One prominent example is the federal Hours of Service Act, which limits the number of consecutive hours that certain employees, including locomotive engineers and conductors, can be on-duty, and prescribes the minimum time that employees must be off-duty before they can go back on-duty. In 2008, as part of the Rail Safety Improvement Act of 2008, Congress amended the Hours of Service Act to, among other things, increase the minimum off-duty period from 8 consecutive hours to 10 consecutive hours, and to limit locomotive engineers and conductors to 276 hours per calendar month of time on-duty working or in other mandatory service. Norfolk Southern took action to comply with these amendments, including changing assignments, without negotiating with the Defendants. The carrier's authority to do so went unchallenged by SMART-TD (then known as the United Transportation Union) and BLET.

16. Likewise, for decades, NS has, as necessary to comply with changes in federal law, implemented changes to its policies regarding Engineer Certification, Conductor Certification, Commercial Driver's Licenses, and Drug and Alcohol testing. Again, it did so without negotiating with the Defendants.

17. In addition to implicitly authorizing NS to require compliance with the vaccine mandate, the CBAs between NS and each of the Unions generally incorporate and must be read in a manner consistent with federal law.

18. The CBAs between NS and each of the Unions authorizes the Union to file a claim if it believes that the collective bargaining agreement has been violated. If the parties are unable to resolve the dispute themselves through mandatory "conferences," the claim can be submitted to final and binding arbitration. Arbitration is mandated by the RLA. *See* 45 U.S.C. § 153 First.

19. On September 9, 2021, President Biden issued an Executive Order titled, "Executive Order on Ensuring Adequate COVID Safety Protocols for Federal Contractors," requiring all federal contractors to comply with all guidance published by the Task Force regarding the COVID-19 pandemic, and setting a deadline of September 24, 2021 for the Task Force to issue such guidance.

20. On September 24, 2021, the Task Force issued the guidance required by the Executive Order. The Task Force guidance requires all "covered employees" of federal contractors to be fully vaccinated against the virus that causes COVID-19 no later than December 8, 2021. The definition of "covered employees" includes "employees of covered contractors who are not themselves working on or in connection with a covered contract."

21. Norfolk Southern is a covered contractor subject to the Executive Order and, by extension, to the guidance issued by the Task Force. The employees represented by the Unions are therefore "covered employees" within the meaning of the Executive Order and Task Force guidance.

22. On October 20, 2021, Norfolk Southern announced it will comply with the Executive Order by requiring all of its employees – including those represented by the Union – to be fully vaccinated against COVID-19, except where an accommodation is legally required.

6

23. Under the implied contract terms regarding medical standards and compliance with federal rules outlined above, Norfolk Southern has the right to implement the changes necessary to comply with the vaccine mandate.

24. On information and belief, the Unions oppose Norfolk Southern's decision to comply with the vaccine mandate. Based on the position they have taken in related matters, and on other information and belief, the Unions contend that the actions announced by Norfolk Southern constitute a "unilateral change" in the parties' collective bargaining agreements, in violation of Section 2 Seventh of the Railway Labor Act. The Unions and/or their individual members maintain that they have the right to strike or engage in other forms of self-help in response to an alleged unilateral change.

25. SMART-TD has recently alleged in federal court that another railroad's "unilateral implementation of the vaccine mandate" violates the RLA. It has further stated that "any attempt by the carriers to circumvent their obligations under the Railway Labor Act will be met with strong resistance."

26. BLET has also alleged in federal court that another railroad has "unilaterally and unlawfully altered the CBAs by unilaterally implementing" its version of the vaccine mandate.

27. BMWED leadership has likewise stated that the union "remain[s] opposed to any potential company requirement to get the vaccine . . . ."

28. Since Norfolk Southern announced that it will comply with the vaccine mandate, individual members of the Defendant Unions have begun threatening to engage in walk-outs, sick-outs, slow-downs or other forms of self-help in response to Norfolk Southern's decision. Such actions would cause irreparable harm to Norfolk Southern's operations, as well as the interests of Norfolk Southern's customers and the public at large.

## COUNT I

29. Norfolk Southern realleges and incorporates by reference as if fully set forth herein the allegations of paragraphs 1-28, above.

30. A "minor dispute" under the RLA is any dispute arising out of a grievance or over the interpretation or application of the parties' collective bargaining agreements concerning rates of pay, rules, or working conditions. Such disputes are subject to conference between representatives and mandatory arbitration by specialized boards of adjustment. 45 U.S.C. §§ 152 Sixth, 153. Self-help is unlawful in the case of minor disputes.

31. Norfolk Southern and the Unions are engaged in a dispute over the interpretation and application of their express and implied agreements as they apply to the vaccine mandate. Based in part on the implied agreement terms outlined above, Norfolk Southern maintains that it has the right under each CBA to comply with the Executive Order and establish a vaccination requirement. To the extent that the Unions believe otherwise, it amounts to a dispute over the interpretation or application of agreements, which is a minor dispute subject to the mandatory and exclusive procedures of Section 3 First of the RLA, 45 U.S.C. § 153 First. Norfolk Southern is entitled to a declaratory judgment to that effect.

## PRAYER FOR RELIEF

WHEREFORE, Norfolk Southern asks for judgment against Defendants, and respectfully prays that the Court:

A. Issue a Declaratory Judgment that:

1. The parties' dispute over the implementation of the vaccine mandate is a "minor dispute," not a major dispute, within the meaning of the RLA; and

2. Defendants and their members may not lawfully strike, picket, engage in a work stoppage, sick out, or slowdown, threaten to do so, or otherwise exercise coercive self-help against Norfolk Southern, its operating rail subsidiaries and/or affiliates, or encourage others to do so as a result of the parties' present dispute.

B. Award Norfolk Southern its costs and expenses incurred in this proceeding; and grant damages and such other and further relief as the Court deems just and proper.

Dated: October 21, 2021

Respectfully submitted,

/s/ *Samantha Woo*

Samantha Woo (6310522)
**JONES DAY**
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
(312) 782.3939 (telephone)
(312) 782-8585 (facsimile)
swoo@jonesday.com

Donald J. Munro*
Thomas R. Chiavetta*
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, DC 20001
(202) 879-3939 (telephone)
(202) 626-1700 (facsimile)
dmunro@jonesday.com
tchiavetta@jonesday.com

*application to be admitted *pro hac vice* forthcoming

*Attorneys for Plaintiff*
*Norfolk Southern Railway Co.*